IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPACES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2520-KHV |
| RPC SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Spaces, Inc. brings suit against RPC Software, Inc. for breach of contract, breach of implied warranties, fraud and negligent misrepresentation arising from the sale of computer software. This matter comes before the Court on Defendant's Motion To Dismiss Or, In The Alternative, Stay Proceedings And Compel Arbitration (Doc. #4) filed December 5, 2006. For reasons set forth below, the Court overrules defendant's motion.

**Legal Standards**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., ensures that written arbitration agreements in maritime transactions and transactions involving interstate commerce are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. FAA Section 3 states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Federal policy favors arbitration agreements and requires that the Court rigorously

enforce them. Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226 (1987) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985)).  Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).  The presumption of arbitrability falls away, however, when the dispute is whether the parties have a valid and enforceable arbitration agreement in the first place.  See Riley Mfg. Co. v. Anchor Glass Container Corp., 157 F.3d 775, 779 (10th Cir. 1998) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944-45 (1995)).

Defendant bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration.  See, e.g., Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 n.9 (3d Cir. 1980) (standard on motion to compel arbitration is same as summary judgment standard); Doctor's Ass'n, Inc. v. Distajo, 944 F. Supp. 1010, 1014 (D. Conn. 1996) (same), aff'd, 107 F.3d 126 (2d Cir.), cert. denied, 522 U.S. 948 (1997).  Thus, defendant must present evidence which is sufficient to demonstrate an enforceable agreement to arbitrate.  See, e.g., Oppenheimer & Co. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995).  If defendant makes such a showing, the burden shifts to plaintiff to demonstrate a genuine issue for trial.  See id.; see also Naddy v. Piper Jaffray, Inc., Nos. 15431-9-III, 15681-8-III, 1997 WL 749261, at *2 (Wash. Ct. App. Dec. 4, 1997).

**Facts**

The parties dispute key facts.  Accordingly, the Court sets forth each party's allegations below.

Plaintiff alleges that in 2005, based on an oral agreement, it purchased a computer software system from defendant for $54,600.  See Petition (Doc. #6-2) filed December 8, 2006 at ¶¶ 13, 15. Plaintiff contends that although defendant drafted written agreements regarding the sale, the parties

-2-

never executed them. Id. ¶¶ 14, 16. Plaintiff further contends that it did not agree to any arbitration provision with regard to the transaction. Id. ¶ 17.

Defendant presents affidavit testimony that in conjunction with the software transaction, plaintiff executed a license agreement which contained an arbitration provision. Specifically, defendant presents an affidavit by Michael Abbott, plaintiff's director of technology in 2005. See Affidavit Of Michael Abbott, Exhibit A to Defendant's Memorandum In Support Of Its Motion To Dismiss Or, In The Alternative, Stay Proceedings And Compel Arbitration ("Defendant's Memorandum") (Doc. #5) filed December 5, 2006. Abbott states that in June of 2005, he received written correspondence from defendant which included a proposed licensing agreement which contained an arbitration provision.[1] Id. ¶ 4. Abbott states that he saw plaintiff's president, Chris McCormack, sign the document, and that Jim Neese of Commercial Capital Leasing ("Commercial Capital") also witnessed the signing.[2] Id. ¶ 7. Neither plaintiff nor defendant has a copy of the signed document in its files. Defendant's Memorandum ¶ 7.

Plaintiff responds with affidavits by McCormack and Neese. McCormack states that he does not believe that he signed the license agreement; that if he did sign it, he would remember doing so; and that if he did sign it, plaintiff would have kept a copy of the signed document in its files, which

---

[1] The proposed licensing agreement contained the following provision regarding governing law and dispute resolution:

> This agreement shall be construed and governed by the laws of the State of Kansas and any action brought hereunder shall be subject to binding arbitrations [sic]. The arbitration shall be conducted in accordance [sic] the commercial arbitration rules then in effect of the American Arbitration Association ("AAA").

See Exhibit to Affidavit Of Michael Abbott at ¶ 10.

[2] Commercial Capital financed the software purchase.

it did not. See Affidavit Of Chris McCormack at ¶ 6, Exhibit A to Plaintiff Spaces, Inc.'s Memorandum In Opposition To Defendant RPC Software, Inc.'s Motion To Dismiss Or, In The Alternative, Stay Proceedings And Compel Arbitration ("Plaintiff's Opposition") (Doc. #13) filed January 12, 2007. Neese swears that he saw McCormack sign financing papers for the software purchase, but that he did not see McCormack sign any other document. See Affidavit Of Jim Neese at ¶ 3, Exhibit B to Plaintiff's Opposition (Doc. #13). Neese further states that if he had witnessed McCormack sign a license agreement, he would have a copy of the agreement in his file because it would have been important to the financing transaction. Id. ¶ 5.

## Analysis

Defendant asks the Court to compel arbitration and stay or dismiss this action based on the license agreement. Before granting a stay pending arbitration, the Court must determine that the parties have a written agreement to arbitrate. See 9 U.S.C. §§ 3 and 4; Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1283 (10th Cir. 1997). If the parties dispute making an arbitration agreement, a jury trial on the existence of an agreement is warranted if the record reveals genuine issues of material fact regarding the parties' agreement. See id. When deciding whether the parties have agreed to arbitrate, the Court applies ordinary state law principles that govern the formation of contracts. See First Options, 514 U.S. at 944.

On this record, the competing affidavits by McCormack and Neese create a genuine issue of material fact as to whether plaintiff signed the license agreement. Defendant contends that Abbott's affidavit is unequivocal, whereas the McCormack and Neese affidavits are based on lack of memory. See Defendant's Reply Memorandum In Support Of Motion To Dismiss Or In the Alternative, To Stay (Doc. #19) filed January 26, 2007 at 1-2. In applying a summary-judgment-

-4-

like standard, however, the Court does not weigh the strength of the evidence.  See Western Diversified Servs., Inc. v. Hyundai Motor Am., Inc., 427 F.3d 1269, 1273 (10th Cir. 2005).  Rather, the Court confines its analysis to whether a genuine fact issue exists.  See id.  Here, affidavit testimony that McCormack and Neese do not recall McCormack signing the document, combined with the fact that neither party retained a copy of a signed document, creates a genuine issue of material fact whether plaintiff executed the agreement.  Accordingly, on this record, defendant has not shown as a matter of law that the parties have a written agreement to arbitrate.[3]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Or, In The Alternative, Stay Proceedings And Compel Arbitration (Doc. #4) filed December 5, 2006 be and hereby is **OVERRULED**.

Dated this 1st day of March, 2007 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

---

[3] Even if plaintiff did not sign the license agreement, defendant may be able to show that the parties have a written agreement to arbitrate.  See, e.g., Edwards v. Blockbuster, Inc., 400 F. Supp.2d 1305, 1308 (W.D. Okla. 2005) (although FAA requires arbitration agreement in writing, it need not be signed).  On this record, however, plaintiff has not shown what state law applies or whether an enforceable unsigned agreement exists under such law.